IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No.  15-02855 JCH |
| ) | |
| vs. ) | |
| ) | |
| SHANE LEWIS VIGIL, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America respectfully requests this Court accept the Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement (hereinafter Plea Agreement) and sentence the Defendant to a term of imprisonment at the high end of the agreed upon guideline range, which is 71 months of imprisonment.  In support, it states as follows:

I. PROCEDURAL BACKGROUND

On January 6, 2016, the Defendant pleaded guilty to a three-count Information charging him with assault with a dangerous weapon and two counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153, 113(a)(3) and 113(a)(6).  Doc. 24.  The Defendant entered a guilty plea to the Information pursuant to a Plea Agreement.  Doc. 27.  The Presentence Report was disclosed on March 1, 2016.

II. ARGUMENT

A. Defendant's Plea Agreement

The United States respectfully requests this Court accept the Plea Agreement. The Defendant's total offense level as calculated under the United States Sentencing Guidelines (USGG) is 25 (PSR ¶ 64), and his criminal history category is IV (PSR ¶ 80), corresponding to a guideline range of 84 to 105 months of imprisonment (PSR ¶ 128). Nevertheless, the parties agreed that a sentence within the guideline range of 60 to 71 months of imprisonment is appropriate in this case. The United States respectfully requests this Court sentence the Defendant at the high end of the agreed upon guideline range, that is 71 months of imprisonment.

When the plea offer was extended to the Defendant, counsel for the United States did not consider the potential applicability of USSG §§ 3A1.3 and 5K2.4. The PSR accurately reflects the applicability of a two-level enhancement pursuant to USSG § 3A1.3; however, this enhancement was not included in the stipulated guideline range. Similarly, the Defendant's conduct merits an upward departure based on USSG § 5K2.4. Nevertheless, the United States is not seeking an upward departure because a request for an upward departure would be considered as a breach to the plea agreement. *See U.S. v. Scott*, 469 F.3d 1335 (10th Cir. 2006)(quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971))("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Notwithstanding this, the United States requests the Court consider the circumstances of the offenses and sentence the Defendant at the high end of the agreed upon guideline range.

B. <u>A sentence of 71 months of imprisonment is appropriate in this case.</u>

A sentence of 71 months of imprisonment reflects the severity of the crime, provides adequate deterrence, and protects the public from further crime by the Defendant. Per 18 U.S.C. § 3553(a), the goal of sentencing should be to "impose a sentence sufficient, but not greater than necessary" to achieve the aims of justice. This sentence would be "sufficient, but not greater than necessary to comply with the purposes [of sentencing.]" *Id*.

The Defendant's offenses were egregious. His conduct on both occasions was violent and heinous, and as consequence, both victims suffered serious bodily injury. As outlined in the PSR, the Defendant has a lengthy criminal history that reflects the continued and persistent danger he has shown towards his family and the Jicarilla Apache community. Although his tribal criminal history does not count for criminal history points, it shows a pattern of conduct of violent behavior and alcohol abuse problems. Several of his tribal offenses are similar to the instant offense. The United States does not disagree with the PSR that the Defendant may be more appropriately situated in a criminal history category of V; however, the agreement reached between the parties reflects a sentence that is sufficient but not greater than necessary, and reflects the factors enumerated in 18 U.S.C. § 3553(a).

A sentence of 71 months would be the Defendant's first federal conviction, which would render him a convicted federal felon. A sentence of 71 months of imprisonment is a significant and necessary increase in the punishment the Defendant has faced previously. This sentence would reflect "the seriousness of the offense, promote respect for the law, and [to] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). A sentence of 71 months of imprisonment will provide adequate deterrence and further the aim of 18 U.S.C. § 3553(a)(2)(C) to "protect the public from further crimes by the defendant."

III.  CONCLUSION

A sentence of 71 months of imprisonment represents a fair and just punishment for the Defendant.  This sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, provide adequate deterrence, and protect the public from further crimes by the Defendant.  Taking in consideration the circumstances of the offenses, the Defendant's acceptance of responsibility and the factors set forth in 18 U.S.C. § 3553, a sentence of 71 months of imprisonment is an appropriate sentence in this case that is "sufficient, but not greater than necessary to comply with the purposes [of sentencing]." 18 U.S.C. § 3553.

WHEREFORE, the United States respectfully request this Court accept the Plea Agreement and sentence the Defendant to a term of imprisonment of 71 months.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed 03/15/2016*
RAQUEL RUIZ-VELEZ
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 15th
day of March, 2016, I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.

 /s/
_____
Raquel Ruiz-Velez
Assistant U.S. Attorney

4