IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:15-CR-02855-001 JH |
| § | |
| SHANE LEWIS VIGIL, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, Defendant, Shane Lewis Vigil, through his attorney, Alonzo J. Padilla, Assistant Federal Public Defender, who urges this Court to accept the plea agreement that was entered into by the parties under Fed.R.Crim.P. 11(c)(1)(C), which stipulates to a sentence in the range of 60 to 71 months.

In support of this request, counsel for Mr. Vigil states:

1.  Mr. Vigil and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If accepted by this Court, Mr. Vigil faces a sentence in the range of 60 to 71 months. In addition to the prison term agreed to, Mr. Vigil also understands that he will be on supervised release for a period of three years following his release from custody. Although Mr. Vigil has been in jail in the past for prior misdemeanor offenses, this will be by far the longest sentence he has ever served and will leave him with a federal felony conviction, which will have a direct impact on any future convictions that he might receive either in the federal system or a state district court. Furthermore, he has accepted responsibility for his conduct and apologizes to both victims for his conduct and how their lives have been impacted by

the injuries he inflicted upon them. He asks for their forgiveness and wants both victims to know that he will take advantage of all counseling made available to him while in the custody of the Bureau of Prisons and after his release from custody while on supervised release. He also understands that he needs intensive treatment for his anger management problem and that he must remain sober and avoid the use of any alcohol or any illegal substances not only during the time that he is on supervised release but for the rest of his life.

2.     Mr. Vigil is currently working on obtaining a high school diploma from the Gordon Burnell Charter School while detained at the Sandoval County Detention Center. He is hoping to receive his diploma within the next month. Mr. Vigil has always been a hard-working individual and has maintained steady employment both with the Jicarilla Apache Nation, and other companies that do work on the reservation. He maintains in contact with his two children, ages seven and three. Both children live with their mother in Dulce, New Mexico. He also maintains contact with his mother and other siblings although his contacts with them have been minimal while incarcerated.

3.     At age 29, Mr. Vigil understands the seriousness of his conduct and accepts his fate. He respectfully urges the Court to accept the plea agreement and further requests that the Court provide him with as much counseling as possible during the period he is on supervised release following his release from custody. It will be critical upon his release from custody that he receive intensive counseling for his anger management issues and that he learn techniques to stay away from alcohol and other substances that could affect how he conducts himself while under the Court's supervision. In addition, counsel for Mr. Vigil urges the Court to require as a condition of his supervised release that he enter and successfully complete a program at a residential reentry center, approved by his probation officer for a period of up to six (6) months. Mr. Vigil should

understand by now the problems that often arise from living in Dulce, New Mexico, a very dysfunctional community where alcohol and drug abuse are rampant and the root cause of so many domestic violence incidences.  Although it is home to Mr. Vigil, he should be encouraged by family and probation not to return to Dulce, New Mexico until after he has completed his period of supervisions and has received counseling that will help him avoid any future problems.

4. Counsel for Mr. Vigil asserts that the agreed upon sentence is reasonable and sufficient but not greater than necessary to comply with the sentencing goals set forth in 18 U.S.C. § 3553(a).  In addition to the sentence agreed upon, counsel urges this Court to impose very strict conditions upon Mr. Vigil during the time he is on supervised release.  Such conditions should directly address Mr. Vigil's need for substance abuse and anger management treatment.  On behalf of Mr. Vigil counsel requests the Court impose a sentence at the low end of the agreed upon range.

WHEREFORE, Defendant respectfully requests that this Court accept the plea agreement that was entered into by the parties under Fed.R.Crim.P. 11(c)(1)(C), and that the Court impose a sentence at the low end of the agreed upon sentence.

I HEREBY CERTIFY THAT on May 11, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: AUSA Raquel Ruiz-Velez and USPO Mindy M. Pirkovic.

  /s/ *filed electronically*

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

  /s/ *filed electronically on 5/11/16*
ALONZO J. PADILLA, AFPD
Attorney for Defendant

3