IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                       Cr. No. 15-2855 JCH

**SHANE LEWIS VIGIL,**

    **Defendant.**

## MEMORANDUM OPNION AND ORDER

This case is before the Court on Defendant's *Motion to Exclude Hearsay Statements* [Doc. 111], seeking to exclude lapel camera videos recorded during Defendant's April 27, 2025, traffic stop and arrest from being considered as evidence during the hearing on the proposed revocation of his supervised release. The United States has filed a response [Doc. 115] to the motion to suppress. On November 10, 2025, the Court held an evidentiary hearing on the motion, viewed portions of the videos, and heard oral argument from counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2025, Defendant commenced his third term of supervised release. On April 27, 2025, Defendant was arrested by the Bloomfield, New Mexico Police Department and charged with Driving Under the Influence of Intoxicating Liquor, Driving While License Revoked, Expired Registration of a Motor Vehicle, and Open Container, all in violation of New Mexico state statutes. The arresting officer, Timothy Ontiveros, and a second officer who arrived later, Dylan Weaver, both engaged their lapel cameras during the arrest. Sadly, Officer Ontiveros was killed in the line of duty about a month later and is therefore unavailable to testify.

The United States wishes to introduce portions of both officers' lapel camera videos as evidence during the revocation hearing without having either officer present in court for cross examination. The Defendant objects, arguing that the Court's consideration of the videos violates his Sixth Amendment right to confront witnesses against him. At the motion hearing, the Government played portions of both lapel videos, with the Court taking the question of the evidence's admissibility and weight under advisement.

## **LEGAL STANDARD**

The Confrontation Clause "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal quotation marks omitted). A "testimonial statement" is one made with the primary purpose of creating evidence for the prosecution or to create an out-of-court substitute for trial testimony. *See id*. at 245.

Rule 32.1 codifies the minimum due-process rights available during revocation proceedings. *See United States v. Jones*, 818 F.3d 1091, 1098-99 (10th Cir. 2016). One such right is a limited right to confront adverse witnesses. *See id*.; *United States v. Murphy*, 769 F. App'x 631, 633 (10th Cir. 2019) (explaining that "the confrontation right in a revocation hearing" stems from Fifth Amendment's due-process protections and "is not as strong as the Sixth Amendment right"). The rule provides that at a preliminary revocation hearing, a releasee has, "upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(1)(B)(iii). And at a final revocation hearing, a releasee "is entitled to ... an opportunity to ... question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

## DISCUSSION

Defendant moves to exclude all hearsay statements made by (1) the female passenger, (2) any of the three officers at the scene of the arrest, and (3) any statement at the hearing by the Probation Officer that repeats those hearsay statements. Defendant argues that the veracity of the declarants can best be assessed by in-court testimony and cross-examination, or at least by a sworn statement given under penalty of perjury—but all of those are absent here. Defendant argues that playing these videos would violate his right to confront witnesses against him. The Government notes that a defendant does not have the "full panoply of rights" at a revocation hearing and that hearsay is not prohibited at such hearings.

After considering the arguments of the parties and the two lapel videos, the Court will consider only those portions of the videos that are either non-testimonial or are non-hearsay statements of the Defendant. This includes Defendant's non-hearsay statements, including but not limited to his statement that he was driving without a valid license and his acknowledgement that the truck lacked an interlock device. *See* Fed. R. Evid. 801(d)(2) (defining the statements of a party opponent as non-hearsay). It also includes the non-testimonial evidence in the video, such as the Defendant's appearance and demeanor, the open containers of beer visible on the floor of the truck Defendant was driving, the fact that no interlock can be seen on the truck, and the fact that the passenger did not take the beer with her when she took her possessions and walked away from the scene. This evidence does not constitute a "statement" for the purposes of the Sixth Amendment right to confront witnesses.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Exclude Hearsay Statements* [Doc. 111] is **DENIED IN PART** as to the Defendant's own non-hearsay statements and the non-testimonial evidence on the lapel videos described in the preceding paragraph. The

motion is **GRANTED IN PART** as to the statements of the non-testifying police officers and the female passenger on the lapel videos.

_____
**UNITED STATES DISTRICT JUDGE**